UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN S. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-351-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Petitioner John Johnson's application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for preparation of a Recommended Disposition under 28 U.S.C. § 636(b)(1)(B). Following review, the Magistrate Judge recommended that Johnson's petition be denied. Johnson filed objections to the Magistrate Judge's Recommended Disposition on June 19, 2008. Having reviewed Johnson's objections, the Court finds that the Magistrate Judge's recommendations should be adopted and that the relief sought by Johnson should be denied.

## I.    BACKGROUND

Johnson was convicted of murder in a jury trial before the Leslie Circuit Court in July, 1993. The jury found that Johnson shot and killed nineteen-year-old Brian Sizemore on July 26, 1992. The trial court sentenced Johnson to life in prison. On direct appeal, the Kentucky

Supreme Court affirmed Johnson's conviction and sentence.  *See Johnson v. Commonwealth*, 892 S.W.2d 558, 560 (Ky. 1994).

Johnson received his first parole hearing in October 2004.  A three-member panel conducted the hearing but referred the matter to the full board for a parole determination.  The Board denied parole and deferred Johnson's next review for 240 months (20 years).  In making this decision, the Parole Board found that Johnson was a "parole risk" because the underlying crime involved violence and the loss of life.  Johnson sought reconsideration of this deferral but the Parole Board denied the request.  Johnson then filed a motion challenging the twenty-year deferral in Franklin Circuit Court.  In addition, Johnson's motion raised a number of claims attacking the parole review process and the Board's decision.  The Franklin Circuit Court rejected Johnson's claims and the Kentucky Court of Appeals affirmed.  *See Johnson v. Kentucky Parole Bd.*, No. 05-CI-01436 (Franklin Circuit Court Order June 2, 2006); *Johnson v. Kentucky State Parole Bd.*, 2007 WL 779433, at *4 (Ky. Ct. App. Mar. 26, 2007).  The Kentucky Supreme Court denied discretionary review.  *See Johnson v. Kentucky State Parole Bd.*, No. 2007-SC-0262-D (Ky. Sept. 12, 2007).[1]

In his petition to this Court, Johnson alleges a number of errors, which the Magistrate Judge thoroughly summarized in his Recommended Disposition as follows:

1) the twenty-year deferral violates state law and federal due process;

2) the twenty-year deferral violates the *Ex Post Facto* Clause;

3) Johnson has a constitutionally-protected liberty interest in parole;

---

[1]     The record reflects that Johnson properly exhausted his habeas claims in state court.  *See Johnson v. Kentucky State Parole Bd.*, 2007 WL 779433 (Ky. Ct. App. Mar. 16, 2007).

-2-

4) the Parole Board decision violates Double Jeopardy;

5) the Parole Board decision violates Equal Protection;

6) the Parole Board improperly considered an expunged criminal record;

7) the Parole Board did not provide a fair and impartial hearing; and

8) the Parole Board decision was arbitrary and capricious.

[Record No. 15]

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d)(1), a federal court may grant a writ of habeas corpus only if a claim previously adjudicated in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Additionally, subsection (e) of § 2254 states that,

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e). Thus, this Court must give proper deference to a state court's findings of fact that are supported by the record, absent clear and convincing evidence to the contrary.

## III.    ANALYSIS

Johnson filed objections to the Magistrate Judge's Recommended Disposition on June 19, 2008. Through these objections, Johnson has objected to every finding made by the Magistrate Judge. Specifically, Johnson argues that: (1)the Magistrate Judge and the state court

-3-

erroneously concluded that the twenty-year deferral period was proper under state law; (2) the Magistrate Judge erroneously concluded that Johnson had not shown that the increase of the maximum deferral period to twenty years would result in a longer period of incarceration; (3) the Magistrate Judge erred in finding that Johnson did not have a liberty interest in parole protected by the Due Process Clause; (4) the Magistrate Judge erred in finding that the parole decision did not violate Double Jeopardy; (5) the Magistrate Judge improperly concluded that Johnson had failed to assert an equal protection claim; (6) the Magistrate Judge erred in rejecting Johnson's claim that the Board considered an expunged record; and (7) the Magistrate Judge and the state court erred in rejecting Johnson's claim that the parole review process was arbitrary and capricious.

### A.    Twenty-year Parole Review Deferral

Johnson's first parole hearing was held in October 2004.  At that time, Johnson was denied parole and the full Parole Board set his next review for 240 months (20 years).  Johnson argues that the twenty-year deferral was improper.

According to state regulation, "the maximum deferment" for parole consideration "shall not exceed the statutory minium parole eligibility for a life sentence." *See* KAR 1:030 § 3(1)(f). The "statutory minimum parole eligibility for a life sentence," as referenced in the state regulation, is found in the violent offender provision applicable to Johnson.  In 1992, when Johnson committed the crime, the violent offender statue provided that:

> [a] violent offender who has been convicted of a capital offense and who has received a life sentence (and has not been sentenced to twenty-five (25) years without parole) . . . shall not be released on parole until he has served at least twelve (12) years in the penitentiary.

-4-

*See* K.R.S. § 439.3401(2) (1992).  In 1998, the rules were amended and the minimum parole eligibility for violent offenders was extended from twelve to twenty years.  *See* K.R.S. 439.3401(2).  The statute further provided that:

> (6)   This section shall apply only to those persons who commit offenses after July 15, 1998.
>
> (7)   For offenses committed prior to July 15, 1998, the version of this statute in effect immediately prior to that date shall continue to apply.

K.R.S. § 439.3401 (6)-(7) (1998).  Based on this language, Johnson argues that the previous twelve-year minimum must determine his 2004 maximum deferral period.  In *Johnson v. Kentucky State Parole Bd.*, 2007 WL 779433, at *1 (Ky. Ct. App. March 16, 2007), the Kentucky Court of Appeals rejected this argument and determined that K.R.S. § 439.3401(7) is "irrelevant for purposes of calculating parole review dates." *Id.*  Specifically, the court held that the state regulation refers to the "statutory minimum parole eligibility for a life sentence" in effect at the time of the parole hearing.  *Id.*  The Magistrate Judge, relying on the state court's findings, agreed that K.R.S. § 439.3401(7) does not require a twelve-year maximum deferral period under state law.

Notably, this Court is not in a position to revisit or second-guess the state court's interpretation of state law.  Having reviewed the relevant authorities, the Court finds that the state court's disposition of this claim is not "contrary to" nor did it involve an "unreasonable application" of United States Supreme Court precedents.  Therefore, the Court agrees with the state court and the Magistrate Judge's resolution of this issue.

### B.    *Ex Post Facto* **Clause**

In a related argument, Johnson asserts that the changes in the parole procedure violate the

*Ex Post Facto* Clause.  As previously noted, in 1992, the violent offender statute provided that:

> [a] violent offender who has been convicted of a capital offense and who has
> received a life sentence (and has not been sentenced to twenty-five (25) years
> without parole) . . . shall not be released on parole until he has served at least
> twelve (12) years in the penitentiary.

*See* K.R.S. § 439.3401(2) (1992).

In 1998, the rules were amended and the minimum parole eligibility for violent offenders

was extended from twelve to twenty years.  *See* K.R.S. § 439.3401(2).  The Supreme Court has

held that changes in the parole procedure may violate the *Ex Post Facto* Clause.  The

"controlling inquiry" is whether the change creates a "sufficient risk of increasing the measure

of punishment attached to the covered crimes."  *Garner v. Jones*, 529 U.S. 244, 250 (2000).  The

Supreme Court has consistently required petitioners to proffer actual evidence, rather than mere

speculation that the new procedure "will result in a longer period of incarceration."  *Id.*

The Magistrate Judge concluded that Johnson has failed to show that the new procedure

"will result in a longer period of incarceration" based on "evidence drawn from the rule's

practical implementation by the agency charged with exercising discretion."  *Id.* at 255.

Specifically, the Magistrate Judge noted that:

> Johnson will have to serve eight years more before his next parole review in part because
> of the new maximum deferral, but the altered procedure has not extended Johnson's
> period of incarceration unless Johnson likely would have obtained parole during those
> extra eight years.  Here, Johnson provides no evidence that the Board likely would have
> granted him parole if the former rule applied and he received earlier parole consideration.
> Therefore Johnson has not shown that the new maximum deferral will result in a longer
> period of incarceration.

[Record No. 15 (internal quotations omitted).]

The Court agrees with the Magistrate Judge's analysis of this claim. In particular, the Court notes that Johnson has failed to present any evidence that the Parole Board would be inclined to grant parole during those eight extra years particularly in light of the seriousness of Johnson's conviction, which the Board has concluded is a significant factor. As pointed out by the Magistrate Judge, "[i]ncreasing the frequency of parole consideration does not correspondingly increase the 'change for release.'" [*See* Record No. 15 (citing *Traylor v. Jenks*, 2006 WL 2715009, at *8 (W.D. Okla. Sept. 21, 2006)).]

### C.    Liberty Interest in Parole

Johnson's due process claim is also without merit. The Supreme Court has held that "the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release," but Due Process protections apply if state law uses "mandatory language" creating a "presumption" or "expectation of release." *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Kentucky's parole system does not create a protected liberty interest in early release. *See Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005); *Preston v. Hughes*, 1999 WL 107970, at *1 (6th Cir. Feb. 10, 1999). In particular, parole in Kentucky is a matter of "grace or gift" to a person deemed eligible for reasons found by the Parole Board. *See Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968). Therefore, the Court agrees with the Magistrate Judge's determination that Johnson has no liberty interest in parole and cannot benefit from the protection of the Due Process Clause.

### D.      Double Jeopardy

Johnson's double jeopardy claim is also without merit.  The Sixth Circuit has held that "[p]arole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 F. App'x, 489, 490 (6th Cir. 2001).  Therefore, the Court agrees with the Magistrate Judge's finding that the Kentucky Parole Board may deny parole based on the nature or circumstances of Johnson's underlying conviction.  *See e.g., Mayrides v. Chaudhry*, 43 F. App'x. 743, 745 (6th Cir. 2002).

### E.      Equal Protection

Johnson asserts that the twenty-year deferral violates equal protection because other inmates convicted of similar crimes were granted parole or have not received the maximum deferment.  The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  To prove an equal protection claim, a petitioner must demonstrate "intentional and arbitrary discrimination" by the state.  In other words, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Johnson has failed to allege facts demonstrating that the Parole Board treated him differently than other prisoners.  In addition, he has offered no proof that these inmates who have allegedly been granted parole were similarly situated to him in all respects that are material to the parole assessment. *See Linger v. Akram*, 23 F. App'x 248, 252 n. 5 (6th Cir. 2001).  Without such evidence, the Court finds that Johnson has failed to state an equal protection claim.

As noted by the Magistrate Judge, the Sixth Circuit has held that a prisoner cannot support a violation of his equal protection rights simply by showing that other inmates were treated differently." *See Newell v. Brown*, 981 F.2d 880, 87 (6th Cir. 1992). Rather, he must show that he was victimized because of some suspect classification. *Id.*; *see also Lovely v. Hughes*, No. 96-5536, 1997 WL 112386, at *1 (6th Cir. Mar. 12, 1997) (affirming district court's dismissal of § 1983 claim alleging that denial of plaintiff's parole violated Fourteenth Amendment right of equal protection because similarly-situated prisoners were granted parole). Johnson has failed to allege that he was treated differently based on a "suspect classification." Therefore, the Court agrees with the Magistrate Judge that Johnson has failed to assert a legally cognizable Equal Protection claim.

### F.    Expunged Criminal Records

With respect to this claim, Johnson argues that he is entitled to habeas relief because the Parole Board improperly considered an expunged record. The record reflects that Johnson was indicted by a Perry County Grand Jury in 1991 for vehicular homicide. Purportedly, based on an agreement with the state prosecutor, this indictment was dismissed. Subsequently, in 1993, Johnson was re-indicted for the alleged vehicular homicide. Again, however, this indictment was dismissed and Johnson had his record expunged.

Johnson objects to the Magistrate Judge's finding that he has failed to provide evidence suggesting that the Board considered his expunged record in denying his parole. Notably, the Magistrate Judge in making this determination relied largely on the findings of the state court. Specifically, the Magistrate Judge noted that:

> [t]he Kentucky Court of Appeals rejected Johnson's contention that the Board relied on the expunged records in violation of his due process rights. According to the state court, the panel made just two references to the dismissed Perry County action. Moreover, the Board's written decision reflects that it denied parole because Johnson's conviction involved violence and the loss of a life. Notably, the decision mentioned nothing about the Perry County charge.

[Record No. 15]  In addition, quoting the state court decision, the Magistrate Judge noted that:

> the record shows that the Board attempted to clarify whether the prior charge was dismissed or expunged. Contrary to Johnson's claim, there is no indication that the Board considered that charge when deciding whether to release Johnson on parole.

[Record No. 15]

Johnson's conclusory allegation that the Perry County charge "must have had a role" in the Board's decision to deny his parole is insufficient to support a claim for habeas relief. While the record reflects that the Parole Board did inquire about his expunged record, Johnson has failed to present any evidence demonstrating that the Parole Board considered this charge when making their parole determination. Accordingly, the Court agrees with the Magistrate Judge and the Kentucky Court of Appeals in finding that these allegations are insufficient to state a claim upon which habeas relief can be granted.

## G.   Right to a Fair and Impartial Hearing and Freedom from Arbitrary and Capricious Government Action

Johnson's final claim is that the parole review process was arbitrary and capricious and that he is entitled to a fair and impartial parole hearing. In particular, Johnson argues that the Board based its decision "entirely on the circumstances" of the underlying offense and failed to consider "all relevant information." With respect to this claim, the Magistrate Judge noted that:

> [t]he hearing transcript, however, affirmatively shows that the panel asked
> Johnson about his prior record, institutional conduct, educational and job skills,
> and potential parole plan  .  .  .  Furthermore, the state reg directs the Board to
> apply just one or more factors before recommending or denying parole.  The reg
> does not require the Board to identify each relevant factor and then discuss its
> relative weight.  As such, Johnson cannot properly infer from the parole Board's
> decision that the Board exclusively considered [the seriousness of the offense].

[Record No. 17] Johnson argues that the Magistrate Judge's analysis of this claim is "objectively

unreasonable."  Specifically, he argues that:

> [g]iven the fact that the Board considered an expunged record the Petitioner
> simply did not receive a fair and impartial hearing and the Board based its
> decision on part of the record rather than on the Petitioner's entire history to
> include his prison record.

[Record No. 16]

This Court finds, however, that Johnson's argument on this claim is without merit.  The

record reflects that the Board denied Johnson's parole based *primarily* on the fact that his

conviction involved "violence" and because "a life was taken."  However, the record does not

reflect that Board *exclusively* considered this factor.  Notably, the state regulation only requires

the Board to examine "one or more factors" set forth in 501 KAR 1:030 § 1.  Nevertheless, the

Court agrees with the Magistrate Judge that, based on the hearing transcript, it appears that the

Board considered additional factors, including Johnson's prior record, institutional conduct,

education and job skills and potential parole plan.  Therefore, Johnson's claim for relief will be

denied on this ground.

## H.    Certificate of Appealability

The Magistrate Judge recommended that the Court refuse a Certificate of Appealability.

Specifically, the Magistrate Judge noted that Johnson has failed to make a "substantial showing

of the denial of a constitutional right." Under 28 U.S.C. § 2253(c) a Certificate of Appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." According to the Supreme Court, "[w]here district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Having reviewed the record *de novo*, the Court agrees with the Magistrate Judge's finding that Johnson has not made a substantial showing of the denial of a constitutional right regarding his claims. Accordingly, Johnson request for a Certificate of Appealability will be denied.

## IV.    CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

1.    The Magistrate Judge's Recommended Disposition [Record No. 15] is **ADOPTED** and **INCORPORATED** by reference.

2.    Petitioner John Johnson's *pro se* petition for writ of habeas, filed pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DENIED**, with prejudice.

3.    Petitioner John Johnson's *pro se* objections [Record No. 16] to the Magistrate Judge's Recommended Disposition are **DENIED**.

4.    A Certificate of Appealability shall not issue because the Petitioner has not made a substantial showing of the denial of a constitutional right.

5.    This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the Court's active docket.

-12-

This 14th day of July, 2008.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**