UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOHN S. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-351-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner John Johnson's motion to appeal *in forma pauperis* [Record No. 22] and his amended motion to proceed *in forma pauperis* [Record No. 26]. On October 15, 2008, United States Magistrate Judge Robert E. Wier recommended that the original motion be denied. [Record No. 24] The Magistrate Judge concluded that, while Johnson has demonstrated that he is unable to pay the cost of an appeal, he recommended that his motion be denied because the Petitioner failed to meet the requirements of Rule 24 of the Federal Rules of Appellate Procedure because he did not identify the issues he intends to present on appeal. [Record No. 24, pp. 2-3] Due to this failure, the Court is unable to "ascertain . . . the merits of the appeal." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

In addition to filing an amended motion to appeal *in forma pauperis* [Record No. 26], Johnson filed objections to the Magistrate Judge's Recommended Disposition [Record No. 25] on October 23, 2008. In his objections, Johnson takes issue with the recommendation because

-1-

the Respondent did not object to the fact that he failed to identify the issue he intends to raise on appeal. This objection is without merit because the Court has the duty to insure compliance with Rule 24 regardless of the position taken by the Respondent. Even though Johnson is proceeding *pro se* and with the help of a "jailhouse lawyer," if the requirements of Rule 24 have not been met, the Court will not grant his motion to proceed on appeal *in forma pauperis*. Likewise, Johnson's objections to the Magistrate's original Recommended Disposition do not meet the requirements of Rule 24 and are not a substitute for compliance with the rule. Nothwithstanding the Petitioner's failure to comply with Rule 24 through his original motion, the Court will proceed to consider the merits of his amended motion.

### The Amended Motion to Proceed On Appeal In Forma Pauperis

Johnson identifies the following issues in his amended motion that he wishes to raise on appeal:

> 1.  *Failure to grant habeas relief because the Kentucky State Parole Board issued a twenty year deferral for his next parole consideration*

As the Court concluded previously, K.R.S. § 439.3401(7) does not compel the result requested by the Petitioner. [Record No. 17, pp. 4-5]. "[T]his Court is not in a position to revisit or second-guess the state court's interpretation of state law. . . . [Further,] the state court's disposition of this claim is not 'contrary to' nor did it involve an 'unreasonable application' of United State Supreme Court precedents." [*Id.* at 5.]

> 2.  *Whether the twenty-year deferral violates the Ex Post Facto Clause*

In rejecting this claim, both the Court and the Magistrate Judge concluded that Johnson has failed to show that the new procedure will result in a longer period of incarceration based

on the evidence drawn from the rule's practical implementation. Simply put, Johnson failed to present any evidence that the Parole Board would be inclined to grant parole during the eight extra years, particularly in light of the seriousness of his conviction. [*Id.* at 6-7.]

  3. *Whether Johnson has a liberty interest in parole which was violated*

This claim is without merit because Kentucky's parole system does not create a protected liberty interest in early release. *Stewart v. Commonwealth*, 153 S.W.3d 789, 793 (Ky. 2005).

  4. *Whether the parole determination violates Johnson's right against double jeopardy*

This claim is also without merit. "Parole determinations are not considered criminal punishment for purposes of the Double Jeopardy Clause." *Ellick v. Perez*, 27 F.App'x 489, 490 (6th Cir. 2001).

  5. *Whether the twenty-year deferral violates equal protection*

Johnson failed to allege facts demonstrating that the Parole Board treated him differently than other prisoners. Without such evidence, such claim is without merit. [Record No. 17, p. 8]

  6. *Whether Johnson is entitled to habeas relief because the Parole Board allegedly and improperly considered an expunged record.*

Johnson failed to present any evidence to support his charge that the Parole Board considered an expunged record for vehicular homicide in making its parole determination.

  7. *Whether the Parole Board violated Johnson's right to a fair and impartial hearing or, alternatively, whether Johnson was subject to arbitrary and capricious governmental action*

Contrary to Johnson's argument, the Parole Board did not based its decision exclusively on the fact that his conviction involved violence and because a life was taken. Instead, the Parole Board considered additional factors, including Johnson's prior record, institutional conduct, education and job skills, and potential parole plan.

Finally, in addressing whether a Certificate of Appealability should issue, the undersigned agreed that Johnson had failed to make a substantial showing of the denial of a constitutional right. That conclusion has not been altered by any of Johnson's subsequent filings.

## The Requirements of Rule 24 to Appeal Informa Pauperis

Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court." *See* Fed.R.App.P. 24(a). Such a motion must include an affidavit that "shows . . . the party's inability to pay or to give security for fees and costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." *See id.* at 24(a)(1)(A)-(C). Additionally, while further authorization is not needed if the party is proceeding *in forma pauperis* in the underlying district court action, *see id.* at 24(a)(3), the court may deny a motion to proceed *in forma pauperis* on appeal so long as it states its reasons in writing." *See id.* at 24(a)(2); *see also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal. If the district court determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status, the

district court must state its decision in writing, and then immediately notify the parties of its decision.") (internal citations omitted).

Under Rule 24(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Determining what constitutes 'good faith' need not involve a subjective inquiry into the appellant's intent. 'Good faith' may be demonstrated by the presentation for 'appellate review of any issue not frivolous.' *Coppedge v. United States*, 369 U.S. 438 (1962). Interpreting this standard, the Fourth Circuit cautioned that a lack of 'good faith' is not shown by the mere fact "that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant." *Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612 (4th Cir. 1969). The Sixth Circuit has stated that "the standard for a claim to be rendered 'frivolous' is higher than that for failure to state a claim . . . and an *in forma pauperis* complaint is not automatically frivolous because it fails to state a claim. Adhering to this distinction achieves Congress's goal of keeping indigent plaintiffs on a similar footing with paying plaintiffs." *Starks v. Reno*, No. 98-3818, 2000 WL 353526, at *3 (6th Cir., Mar. 31 2000) (internal quotations omitted) (unpublished). "A complaint is frivolous within the meaning of 28 U.S.C. § 1915 where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact." *Scott v. Evans*, 116 Fed. App'x 699, 702 (6th Cir. 2004) (unpublished).

Here, the Court has determined that Johnson has shown pauper status. However, as summarized above and addressed more fully in the Memorandum Opinion and Order filed July 14, 2008 [Record No. 17], he has not demonstrated that the issues he intends to raise on appeal

have any arguable or rational basis in law or fact. Further, having again reviewed these issues, the undersigned concludes that the issues the Petitioner seeks to raise are frivolous to the point that they would be dismissed in the case of a non-indigent litigant. *Liles*, 414 F.2d at 612. Therefore, the Court concludes that these issues are not being raised in good faith under Rule 24 of the Federal Rules of Appellate Procedure. Accordingly, the amended motion to proceed on appeal *in forma pauperis* will be denied.

In *Owens v. Keeling*, 461 F.3d 763, 773- 775 (6th Cir. 2006), the Sixth Circuit outlined the steps for seeking pauper status on appeal when a district court has certified that an appeal would not be taken in good faith. For prisoners, a district court's certification that the appeal is not or would not be taken in good faith allows two choices: the prisoner may pay the full filing fee and any relevant costs and proceed on appeal for plenary review, or he may contest the certification decision by filing a motion for leave to proceed as a pauper in the court of appeals under Federal Rule of Appellate Procedure 24(a)(5). *See Owens*, 461 F.3d at 774. An appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. FED. R. APP. P. 24(a)(5). This must be done within thirty days and with supporting documentation, including an affidavit of assets and a six-month certificate of inmate account.

## II.     CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)     Petitioner John Johnson's original motion to proceed on appeal *in forma pauperis* [Record No. 22] is **DENIED**.

(2)     The Recommended Disposition of the Magistrate Judge [Record No. 24] is **ADOPTED** and **INCORPORATED** herein by reference.

(3)     Petitioner John Johnson's objections to the Magistrate Judge's Recommended Disposition are **DENIED**.

(3)     Petitioner John Johnson amended motion to proceed on appeal *in forma pauperis* [Record No. 26] is **DENIED**.

(4)     Petitioner John Johnson may take either of two steps:  (a) pay the $455.00 filing fee, in full, in this Court within thirty days of the entry of this Memorandum Opinion and Order; or (b) file a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. FED. R. APP. P. 24(a)(5).  This must be done within thirty days of the date of entry of this Order. The motion must be accompanied by an affidavit of assets and a six-month certificate of inmate account.

(5)     The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This 3rd day of November, 2008.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge